1    HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
     M. D. MOYE - 152871
2    mmoye@hansonbridgett.com
     LAWRENCE M. CIRELLI – 114710
3    lcirelli@hansonbridgett.com
     GARNER K. WENG - 191462
4    gweng@hansonbridgett.com
     RENJU JACOB - 242388
5    rjacob@hansonbridgett.com
     425 Market Street, 26th Floor
6    San Francisco, CA  94105
     Telephone:     (415) 777-3200
7    Facsimile:     (415) 541-9366

8    Attorneys for Defendant
     ROSS STORES, INC.

9

                    UNITED STATES DISTRICT COURT

10

               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13   PATRICK J. MCGEE, individually and on       No. C 06 7496 CRB
     behalf of all others similarly situated,
                                                 **STIPULATED PROTECTIVE ORDER**
14                     Plaintiff,

15          v.

16   ROSS STORES, INC., and DOES 1-10,
                                                 Action Filed:    December 6, 2006
17                     Defendant.                Trial Date:      None

18

19                          **STIPULATION**

20          1.      PURPOSES AND LIMITATIONS

21          Disclosure and discovery activity in this action are likely to involve production of

22   CONFIDENTIAL, proprietary, or private information for which special protection from public

23   disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

24   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

25   Protective Order. The parties acknowledge that this Order does not confer blanket protections on

26   all disclosures or responses to discovery and that the protection it affords extends only to the

27   limited information or items that are entitled under the applicable legal principles to treatment as

28   CONFIDENTIAL. The parties further acknowledge, as set forth in Section 10, below, that this

                                          - 1 -

Stipulated Protective Order creates no entitlement to file CONFIDENTIAL information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are

- 2 -

1    retained to represent or advise a Party in this action.

2            2.10    House Counsel: attorneys who are employees of a Party.

3            2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well

4    as their support staffs).

5            2.12    Expert: a person with specialized knowledge or experience in a matter

6    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

7    witness or as a consultant in this action and who is not a past or a current employee of a Party or

8    of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

9    employee of a Party or a competitor of a Party's. This definition includes a professional jury or

10   trial consultant retained in connection with this litigation.

11           2.13    Professional Vendors: persons or entities that provide litigation support

12   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

13   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

14   subcontractors.

15       3.    SCOPE

16       The protections conferred by this Stipulation and Order cover not only Protected Material

17   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

18   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

19   parties or counsel to or in court or in other settings that might reveal Protected Material.

20       4.    DURATION

21       Even after the termination of this litigation, the confidentiality obligations imposed by this

22   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

23   otherwise directs.

24       5.    DESIGNATING PROTECTED MATERIAL

25           5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

26   Party or non-party that designates information or items for protection under this Order must take

27   care to limit any such designation to specific material that qualifies under the appropriate

28   standards. A Designating Party must take care to designate for protection only those parts of

- 3 -

1  material, documents, items, or oral or written communications that qualify – so that other portions

2  of the material, documents, items, or communications for which protection is not warranted are

3  not swept unjustifiably within the ambit of this Order.

4  Mass, indiscriminate, or routinized designations are prohibited. Designations that

5  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

6  unnecessarily encumber or retard the case development process, or to impose unnecessary

7  expenses and burdens on other parties), expose the Designating Party to sanctions.

8  If it comes to a Party's or a non-party's attention that information or items that it

9  designated for protection do not qualify for protection at all, or do not qualify for the level of

10  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

11  withdrawing the mistaken designation.

12  5.2      Manner and Timing of Designations. Except as otherwise provided in this

13  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

14  material that qualifies for protection under this Order must be clearly so designated before the

15  material is disclosed or produced.

16  Designation in conformity with this Order requires:

17  (a)      for information in documentary form (apart from transcripts of

18  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

20  of each page (or otherwise prominently on each page) that contains protected material. If only a

21  portion or portions of the material on a page qualifies for protection, the Producing Party also

22  must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

23  margins) and must specify, for each portion, the level of protection being asserted (either

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

25  A Party or non-party that makes original documents or materials available

26  for inspection need not designate them for protection until after the inspecting Party has indicated

27  which material it would like copied and produced. During the inspection and before the

28  designation, all of the material made available for inspection shall be deemed "HIGHLY

- 4 -

1   CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

2   documents it wants copied and produced, the Producing Party must determine which documents,

3   or portions thereof, qualify for protection under this Order, then, before producing the specified

4   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

5   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page (or

6   otherwise prominently on each page) that contains Protected Material. If only a portion or

7   portions of the material on a page qualifies for protection, the Producing Party also must clearly

8   identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

9   specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

11              (b)    for testimony given in deposition or in other pretrial or trial

12  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

13  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

14  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

16  testimony that is entitled to protection, and when it appears that substantial portions of the

17  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

18  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

19  have up to 20 days to identify the specific portions of the testimony as to which protection is

20  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that

22  are appropriately designated for protection within the 20 days shall be covered by the provisions

23  of this Stipulated Protective Order.

24              Transcript pages containing Protected Material must be separately bound

25  by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

26  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

27  nonparty offering or sponsoring the witness or presenting the testimony.

28              (c)    for information produced in some form other than documentary,

- 5 -

1    and for any other tangible items, that the Producing Party affix in a prominent place on the

2    exterior of the container or containers in which the information or item is stored the legend

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

4    portions of the information or item warrant protection, the Producing Party, to the extent

5    practicable, shall identify the protected portions, specifying whether they qualify as

6    "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."

7                    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

8    to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

9    CONFIDENTIAL – Attorneys' Eyes Only" does not, standing alone, waive the Designating

10   Party's right to secure protection under this Order for such material. If material is appropriately

11   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" after

12   the material was initially produced, the Receiving Party, on timely notification of the designation,

13   must make reasonable efforts to assure that the material is treated in accordance with the

14   provisions of this Order.

15            6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

16                    6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

17   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

18   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

19   waive its right to challenge a confidentiality designation by electing not to mount a challenge

20   promptly after the original designation is disclosed.

21                    6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating

22   Party's confidentiality designation must do so in good faith and must begin the process by

23   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

24   with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

25   for its belief that the confidentiality designation was not proper and must give the Designating

26   Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

27   change in designation is offered, to explain the basis for the chosen designation. A challenging

28   Party may proceed to the next stage of the challenge process only if it has engaged in this meet

- 6 -

1  and confer process first.

2        6.3   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a

3  confidentiality designation after considering the justification offered by the Designating Party

4  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

5  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

6  challenge. Each such motion must be accompanied by a competent declaration that affirms that

7  the movant has complied with the meet and confer requirements imposed in the preceding

8  paragraph and that sets forth with specificity the justification for the confidentiality designation

9  that was given by the Designating Party in the meet and confer dialogue.

10        The burden of persuasion in any such challenge proceeding shall be on the

11  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

12  material in question the level of protection to which it is entitled under the Producing Party's

13  designation.

14      7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

15        7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

16  disclosed or produced by another Party or by a non-party in connection with this case only for

17  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

18  disclosed only to the categories of persons and under the conditions described in this Order.

19  When the litigation has been terminated, a Receiving Party must comply with the provisions of

20  section 11, below (FINAL DISPOSITION).

21        Protected Material must be stored and maintained by a Receiving Party at a

22  location and in a secure manner that ensures that access is limited to the persons authorized under

23  this Order.

24        7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

25  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

26  disclose any information or item designated CONFIDENTIAL only to:

27        (a)    the Receiving Party's Outside Counsel of record in this action, as

28  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

- 7 -

1   for this litigation;

2   (b)   the officers, directors, and employees (including House Counsel) of

3   the Receiving Party to whom disclosure is reasonably necessary for this litigation;

4   (c)   experts (as defined in this Order) of the Receiving Party to whom

5   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

6   Bound by Protective Order" (Exhibit A);

7   (d)   the Court and its personnel;

8   (e)   court reporters, their staffs, and professional vendors to whom

9   disclosure is reasonably necessary for this litigation;

10   (f)   during their depositions, witnesses in the action to whom disclosure

11   is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

12   (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

13   Protected Material must be separately bound by the court reporter and may not be disclosed to

14   anyone except as permitted under this Stipulated Protective Order;

15   (g)   the author of the document or the original source of the

16   information.

17   7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18   ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by

19   the Designating Party, a Receiving Party may disclose any information or item designated

20   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

21   (a)   the Receiving Party's Outside Counsel of record in this action, as

22   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

23   for this litigation;;

24   (b)the  House Counsel of a Receiving Party to whom disclosure is

25   reasonably necessary for this litigation;

26   (c)   Experts (as defined in this Order) (1) to whom disclosure is

27   reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

28   Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4,

- 8 -

1    below, have been followed;

2            (d)     the Court and its personnel;

3            (e)     court reporters, their staffs, and professional vendors to whom

4    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

5    Bound by Protective Order" (Exhibit A); and

6            (f)     the author of the document or the original source of the

7    information.

8        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

9    OTHER LITIGATION

10       If a Receiving Party is served with a subpoena or an order issued in other litigation that

11   would compel disclosure of any information or items designated in this action as

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

13   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

14   and in no event more than three court days after receiving the subpoena or order. Such

15   notification must include a copy of the subpoena or court order.

16       The Receiving Party also must immediately inform in writing the Party who caused the

17   subpoena or order to issue in the other litigation that some or all the material covered by the

18   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

19   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

20   caused the subpoena or order to issue.

21       The purpose of imposing these duties is to alert the interested parties to the existence of

22   this Protective Order and to afford the Designating Party in this case an opportunity to try to

23   protect its confidentiality interests in the court from which the subpoena or order issued. The

24   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

25   CONFIDENTIAL material – and nothing in these provisions should be construed as authorizing

26   or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

27       9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

- 9 -

1    Material to any person or in any circumstance not authorized under this Stipulated Protective

2    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

3    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

4    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

5    this Order, and (d) request such person or persons to execute the "Acknowledgment and

6    Agreement to Be Bound" that is attached hereto as Exhibit A.

7           10.    FILING PROTECTED MATERIAL

8           Without written permission from the Designating Party or a court order secured after

9    appropriate notice to all interested persons, a Party may not file in the public record in this action

10   any Protected Material. A Party that seeks to file under seal any Protected Material must comply

11   with Civil Local Rule 79-5.

12          11.    FINAL DISPOSITION

13          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

14   after the final termination of this action, each Receiving Party must return all Protected Material

15   to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

16   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

17   Protected Material. With permission in writing from the Designating Party, the Receiving Party

18   may destroy some or all of the Protected Material instead of returning it. Whether the Protected

19   Material is returned or destroyed, the Receiving Party must submit a written certification to the

20   Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day

21   deadline that identifies (by category, where appropriate) all the Protected Material that was

22   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

23   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

24   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

25   of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

26   product, even if such materials contain Protected Material. Any such archival copies that contain

27   or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

28   (DURATION), above.

STIPULATED PROTECTIVE ORDER
(CASE NO. C 06 7496 CRB)                                                    1337538.3

1    12.    MISCELLANEOUS

2         12.1    Right to Further Relief. Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4         12.2    Right to Assert Other Objections. By stipulating to the entry of this

5    Protective Order no Party waives any right it otherwise would have to object to disclosing or

6    producing any information or item on any ground not addressed in this Stipulated Protective

7    Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

8    the material covered by this Protective Order.

9

10        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11

12   DATED:  August 7, 2007               SPIRO MOSS BARNESS LLP
                                          THE LINDE LAW FIRM

13

14                                        By:_____/s/_____
15                                            J. MARK MOORE
                                              DOUGLAS A. LINDE
16                                            CHANT YEDALIAN
                                              ERICA L. ALLEN
17
18                                        Attorneys for Plaintiff
                                          PATRICK J. MCGEE
19

20   DATED:  August 7, 2007               HANSON BRIDGETT MARCUS VLAHOS
21                                        & RUDY, LLP

22

23                                        By:_____/s/_____
                                              M. D. MOYE
24                                            LAWRENCE M. CIRELLI
                                              GARNER K. WENG
25
26                                        Attorneys for Defendant
                                          ROSS STORES, INC.

27

28

- 11 -

STIPULATED PROTECTIVE ORDER
(CASE NO. C 06 7496 CRB)                                                      1337538.3

1    SIGNATURES UNDER GENERAL ORDER NO. 45

2          Pursuant to General Order No. 45 of the United States District Court, Northern District of

3    California, I, Garner K. Weng—the ECF User whose User ID and Password are used in the filing

4    of this document—hereby attest that the concurrence to the filing of this document has been

5    obtained from the other signatory to this document.

6

7                                                            /s/
                                                 GARNER K. WENG

8

9

10

11                                **ORDER**

12          PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14

15

16    DATED: _ August 09, 2007 _____          _____
17                                               Honorable Charles R. Breyer
                                                 United States District Judge
18

19                                               IT IS SO ORDERED

20                                               Judge Charles R. Breyer

21

22

23

24

25

26

27

28

- 12 -

STIPULATED PROTECTIVE ORDER
(CASE NO. C 06 7496 CRB)                                              1337538.3

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

    I, _____ [print or type full name], of _____

4

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6

issued by the United States District Court for the Northern District of California on

7

_____ [date] in the case of *McGee v. Ross Stores, Inc.,* Case No. C 06 7496 CRB. I

8

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

9

understand and acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

11

any information or item that is subject to this Stipulated Protective Order to any person or entity

12

except in strict compliance with the provisions of this Order.

13

    I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

    I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone

18

number] as my California agent for service of process in connection with this action or any

19

proceedings related to enforcement of this Stipulated Protective Order.

20

Date: _____

21

City and State where sworn and signed: _____

22

23

Printed name: _____
                      [printed name]

24

25

Signature: _____
                 [signature]

26

27

28

STIPULATED PROTECTIVE ORDER
(CASE NO. C 06 7496 CRB)

1337538.3